# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  August 7, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| L.A., *a Minor, by His Parents and* | * | |
| *Natural Guardians*, MAGNUS | * | |
| AKERSTROM *and* BRANDI | * | |
| AKERSTROM, | * | No. 12-629V |
| | * | Special Master Horner |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

<u>Renee J. Gentry</u>, The Law Office of Renee J. Gentry, Washington, DC, for Petitioners.
<u>Heather L. Pearlman</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 24, 2012, Magnus and Brandi Akerstrom ("petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of their minor child, L.A.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioners alleged that L.A.'s flu mist vaccine caused his seizures and encephalitis. Petition at 1. On December 15, 2016, the previously assigned special master ruled that petitioners were entitled to compensation for L.A.'s bilateral striatal necrosis. (ECF No. 97). On June 5, 2019, this case was reassigned to me. On December 6, 2019, the parties filed a proffer, which I adopted as my decision awarding compensation on the

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**.  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.  Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

same day. (ECF. No. 182).

On February 4, 2020, petitioners filed an application for final attorneys' fees and costs.[3] (ECF No. 188) ("Fees App."). Petitioners request total attorneys' fees and costs in the amount of $193,344.71 (representing $146,628.50 in fees and $46,818.21 in costs). Fees App. at 1.[4] Respondent responded to the motion on March 12, 2020, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. at 2 (ECF No. 189). Petitioners did not file a reply thereafter.

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

---

[3] Petitioners were previously awarded interim attorneys' fees and costs in the amount of $94,442.01 on February 29, 2016.

[4] Petitioners' motion originally requested attorneys' costs of $45,555.21. On May 13, 2020, petitioners filed an unopposed motion to amend their pending fees motion, as the motion had inadvertently failed to include an invoice from petitioners' guardianship attorney. (ECF No. 190).

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[5]

Petitioners request the following hourly rates for the work of their counsel: for Ms. Renee Gentry, $415.00 per hour for work performed in 2016, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed in 2018, $440.00 per hour for work performed in 2019, and $464.00 per hour for work performed in 2020; for Mr. Clifford Shoemaker, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019; and for Ms. Sabrina Knickelbein, $150.00 per hour for all paralegal work performed. These rates are consistent with what these individuals have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, I find the overall hours billed to be largely reasonable. However, some issues exist with the billing entries attributable to Mr. Shoemaker which have previously been noted by other special masters – namely, the vagueness of his entries and block billing. *See Barry v. Sec'y*

---

[5] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

*of Health & Human Servs.*, No. 12-39, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by ten percent due to vague billing entries); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez*, 2009 WL 2568468, at *8.

In this case, examples of vague entries prepared by Mr. Shoemaker include "Emails to Renee," "Emails from Renee," and "emails from client" because they do not describe the topic of the correspondence, leaving me unable to determine whether the time billed for the correspondence was reasonable, or necessary at all. Additionally, Mr. Shoemaker block billed large amounts of time on "Hearing preparation" without describing in greater detail what he was actually doing to prepare for the hearing. Fees App. at 5 (entries of 11.0, 12.0, 7.0, 6.4 hours on hearing preparation without greater detail). Accordingly, the undersigned shall reduce the amount of the fees attributable to Mr. Shoemaker's work by ten percent, resulting in a reduction of $5,983.20.

The remainder of the hours appear reasonable. Accordingly, petitioners are awarded final attorneys' fees of $140,645.30.

### c.   Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $46,818.21 in attorneys' costs. This amount comprises the cost of obtaining medical records, work performed by various professionals, including petitioners' medical expert, Dr. Carlo Tornatore and Staci Schonbrun, life care planners at The Coordinating Center, vocational experts at Labor Market Consulting Services, and petitioners' guardianship attorney. Petitioners have provided adequate documentation supporting the requested costs and all appear reasonable in my experience. The only reduction necessary is for travel time billed by petitioners' life care planner at the full hourly rate, rather than one-half of that rate. Fees App. at 100. Accordingly, $525.00 shall be reduced from the final award of costs. Petitioners are therefore awarded final attorneys' costs of $46,293.21.

## II.   Conclusion

Based on all the above, I find that petitioners are entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $146,628.50 |
|---|---|
| (Reduction to Fees) | - (5,983.20) |
| **Total Attorneys' Fees Awarded** | **$140,645.30** |
| | |
| Attorneys' Costs Requested | $46,818.21 |

| (Reduction of Costs) | - ($525.00) |
|---|---|
| **Total Attorneys' Costs Awarded** | **$46,293.21** |
| | |
| **Total Attorneys' Fees and Costs** | **$186,938.51** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioners' request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award a lump sum in the amount of $186,938.51, representing reimbursement for petitioners' attorneys' fees and costs, in the form of a check payable to petitioners and their attorney, Ms. Renee Gentry.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).